

### IN THE COURT OF CRIMINAL APPEALS
### OF TEXAS

### NO. WR-86,569-01

### EX PARTE WILLIE ROY JENKINS, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. CR-10-1063 IN THE 274TH JUDICIAL DISTRICT COURT HAYS COUNTY

*Per curiam*.

### **O R D E R**

In June 2013, a jury found Applicant guilty of the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the trial court sentenced Applicant to death.[1] On February 24, 2015, the State filed in this Court its brief on Applicant's direct appeal. Pursuant to Article 11.071 §§ 4(a) and (b), Applicant's

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas Code of Criminal Procedure.

initial application for a writ of habeas corpus was due to be filed in the trial court on or before July 9, 2015, assuming a motion for extension was timely filed and granted. *See* Art. 11.071 §§ 4(a) and (b).

On March 29, 2017, because it had been more than a year and a half since the application was due to be filed in the trial court, we ordered the trial court to resolve any remaining issues in the case within 180 days of the date of the order. *See Ex parte Jenkins*, No. WR-86,569-01 (Tex. Crim. App. Mar. 29, 2017) (not designated for publication). In the same order, we ordered the clerk to immediately thereafter transmit the complete record in the case to this Court. *Id*. Over three years later, no record in this case has been transmitted to this Court.

Accordingly, we order the trial court to resolve any remaining issues in the case within 60 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish